**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0000040**
**11-AUG-2017**
**09:59 AM**

NO. CAAP-13-0000040

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEUTSCHE BANK NATIONAL TRUST COMPANY, A NATIONAL
BANKING ASSOCIATION, AS TRUSTEE OF THE INDYMAC INDX
MORTGAGE LOAN TRUST 2006-AR12, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-AR12 UNDER THE POOLING AND
SERVICING AGREEMENT DATED JULY 1, 2006, Plaintiff-Appellee,
v.
RONALD PAJELA AMASOL and JEAN LOUISE MORALES AMASOL,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2129)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendants-Appellants Ronald Pajela Amasol and Jean
Louise Morales Amasol (collectively, the "Amasols") appeal from:
1) the Order Granting Plaintiff's Motion for Summary Judgment and
Writ of Possession Filed December 27, 2011, filed on April 12,
2012 ("Order Granting MSJ & Writ"); 2) the Judgment for
Possession, filed on April 12, 2012; and 3) the Order Denying
Defendant's Motion to Reconsider Ruling, filed December 31, 2012
("Order Denying Motion to Reconsider") in the Circuit Court of
the First Circuit ("Circuit Court"),[1] which awarded Plaintiff-
Appellee Deutsche Bank National Trust Company, A National Banking
Association, As Trustee of the IndyMac Indx Mortgage Loan Trust
2006-AR12, Mortgage Pass-Through Certificates, Series 2006-AR12
Under the Pooling and Servicing Agreement Dated July 1, 2006

---

[1]    The Honorable Patrick W. Border presided.

("Deutsche Bank") a writ of possession for the property located at 92-128 Kohi Place, in Kapolei, Hawaiʻi (the "Property").[2/]

The Amasols contend that the Circuit Court (1) erroneously granted summary judgment despite inconsistencies in Deutsche Bank's foreclosure process and then denied reconsideration without explanation; (2) abused its discretion by ignoring the Amasol's Rule 60(b), Hawaiʻi Rules of Civil Procedure, motion to set aside; and (3) erred in granting summary judgment when Deutsche Bank failed to comply with the non-judicial foreclosure statute. For the reasons set forth below, we vacate and remand.

We review the Circuit Court's grant or denial of summary judgment de novo. *Kondaur Capital Corp. v. Matsuyoshi*, 136 Hawaiʻi 227, 240, 361 P.3d 454, 467 (2015) (quoting *Price v. AIG Hawaii Ins. Co.*, 107 Hawaiʻi 106, 110, 111 P.3d 1, 5 (2005)). "[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Price*, 107 Hawaiʻi at 110, 111 P.3d at 5). "The moving party, has the initial burden of 'demonstrating the absence of a genuine issue of material fact.'" *Id.* (quoting *Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.*, 116 Hawaiʻi 277, 301, 172 P.3d 1021, 1045 (2007) (emphasis omitted)). Only if the initial showing is satisfied, the burden shifts to the nonmoving party to provide *"specific facts showing that there is a genuine issue for trial."* *Id.* at 240-41, 361 P.3d at 467-68 (quoting *Young v. Planning Comm'n of the Cty. of Kauaʻi*, 89 Hawaiʻi 400, 407, 974 P.2d 40, 47 (1999)).

In order to maintain an ejectment action, the plaintiff must (1) "prove that [it] owns the parcel in issue, *id.* at 241, 361 P.3d at 468 (quoting *State v. Magoon*, 75 Haw. 164, 175, 858

---

[2/]     This case is on remand back to this court from the Hawaiʻi Supreme Court. Based on the supreme court's opinion in this case, we will consider all of the above orders. *Deutsche Bank Nat. Trust Co. v. Amasol*, 135 Hawaiʻi 357, 351 P.3d 584 (2015) (holding that this court has jurisdiction to consider the Order Granting MSJ & Writ, the Judgment for Possession, and the Order Denying Motion to Reconsider).

P.2d 712, 718-19 (1993)), meaning that [it] must have 'the title to and right of possession of' such parcel," *id.* (quoting *Carter v. Kaikainahaole*, 14 Haw. 515, 516 (Terr. 1902)); and (2) "establish that 'possession is unlawfully withheld by another.'" *Id.* (quoting *Carter*, 14 Haw. at 516).

*Kondaur* is dispositive in the instant case. Here, Deutsche Bank was both the foreclosing mortgagee and the highest bidder at the non-judicial foreclosure sale. Pursuant to *Kondaur* and *Ulrich v. Security Inv. Co.*, 35 Haw. 158 (Terr. 1939), in moving for summary judgment, Deutsche Bank had the initial burden to establish that the non-judicial foreclosure sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the property. *See Kondaur*, 136 Hawaiʻi at 243, 361 P.3d 470.

As in *Kondaur*, the Mortgagee's Affidavit of Foreclosure Under Power of Sale prepared and submitted by Deutsche Bank's counsel fails to provide any evidence that would point us to that conclusion. Similar to the affidavit in *Kondaur*, the affidavit of sale here does not attest to anything concerning the adequacy of the purchase price. *Kondaur*, 136 Hawaiʻi at 242-43, 361 P.3d at 469-70; *see also JPMorgan Chase Bank, Nat'l Ass'n v. Benner*, 137 Hawaiʻi 326, 328, 372 P.3d 358, 360. (App. 2016) (finding a similar foreclosure affidavit insufficient to establish that the sale was conducted in a fair, reasonably diligent, good faith manner, and that the purchase price was adequate); *Bank of New York Mellon v. Lizarraga*, No. CAAP-12-0000769, 2016 WL 3199431 at *6 (Haw. Ct. App. June 8, 2016) (same).

Deutsche Bank failed to satisfy its initial burden of showing that the foreclosure sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and that it had obtained an adequate price for the Property. Therefore, the burden did not shift to the Amasols to raise genuine issues of material fact, and the Circuit Court erred in granting summary judgment.

Accordingly, we vacate the Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed December 27, 2011, filed on April 12, 2012, and the Judgment for

Possession, filed on April 12, 2012.  The case is remanded to the Circuit Court for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, August 11, 2017.


On the briefs:

Sandra D. Lynch
(Lynch Law Offices LLC)
for Defendants-Appellants.

Charles R. Prather and
Sofia Hirosane McGuire
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4